UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | NO. 1:CR-14-321 |
| | : | |
| v. | : | (JUDGE CALDWELL) |
| | : | |
| TERRENCE BYRD, | : | (ELECTRONICALLY FILED) |
| Defendant | : | |

## PLEA AGREEMENT

The following Plea Agreement is entered into by the United States Attorney for the Middle District of Pennsylvania and the above-captioned defendant. Any reference to the United States or to the Government in this Agreement shall mean the Office of the United States Attorney for the Middle District of Pennsylvania.

## A. Violation(s) and Penalties

1. <u>Guilty plea</u>. The defendant agrees to plead guilty to both Counts of the Indictment, which charges the defendant in Count I with a violation of Title 21, United States Code, Section 841(a)(1)(possession w/intent to distribute heroin), and in Count II with a violation of Title 18, United States Code, Section 931 (poss. of body armor by prohibited person). The maximum penalty for the offense in Count I is

imprisonment for a period of 20 years, a fine of $1 million dollars, a mandatory minimum term of supervised release of 3 years up to life to be determined by the court, which shall be served at the conclusion of and in addition to any term of imprisonment, as well as the costs of prosecution, imprisonment, probation, or supervised release ordered, denial of certain federal benefits, and an assessment in the amount of $100.00. The maximum penalty for the offense in Count II is imprisonment for a period of 3 years, a fine of $250,000.00, a term of supervised release to be determined by the court, which shall be served at the conclusion of and in addition to any term of imprisonment, as well as the costs of prosecution, imprisonment, probation, or supervised release ordered, denial of certain federal benefits, and an assessment in the amount of $100.00. At the time the guilty plea is entered, the defendant shall admit to the court that the defendant is, in fact, guilty of the offenses charged in the Indictment. After sentencing, the United States will move for dismissal of any remaining counts. The defendant agrees, however, that the United States may, at its sole election, reinstate any dismissed counts or seek additional charges in the event

2

the charge(s) to which the defendant pleads guilty pursuant to this

Agreement subsequently are vacated, set aside, or invalidated by the

district court or appellate court. The defendant further agrees to waive

any defenses to reinstatement of those charges or additional charges

based upon laches, the assertion of speedy trial rights, any applicable

statute of limitations, or any other ground. The calculation of time

under the Speedy Trial Act for when trial must commence is tolled as of

the date of the defendant's signing of this Plea Agreement.

    2.    <u>Term of Supervised Release</u>. The defendant understands

that the court must impose at least a 3 year term of supervised release

in addition to any term of imprisonment, fine or assessment involving a

violation of the Controlled Substances Act. The defendant also

understands that the court must impose a term of supervised release

following any sentence of imprisonment exceeding one (1) year, or when

required by statute. The court may require a term of supervised release

in any other case. In addition, the defendant understands that as a

condition of any term of supervised release or probation, the court must

order that the defendant cooperate in the collection of a DNA sample if the collection of a sample is so authorized by law.

3.    <u>Maximum Sentence – Multiple Counts</u>.  The defendant understands that the total, maximum possible sentence for all charges is the combination of penalties described above; that is, 23 years in prison and/or fines totaling $1,250,000.00, at least 3 years of supervised release, the costs of prosecution, denial of certain federal benefits and an assessment totaling $200.00.

4.    <u>No Further Prosecution, Except Tax Charges</u>.  The United States Attorney's Office for the Middle District of Pennsylvania agrees that it will not bring any other criminal charges against the defendant directly arising out of the defendant's involvement in the offense(s) described above.  However, nothing in this Agreement will limit prosecution for criminal tax charges, if any, arising out of those offenses.

4

**B.  Fines and Assessments**

5.    <u>Fine</u>.  The defendant understands that the court may impose a fine pursuant to the Sentencing Reform Act of 1984.  The willful failure to pay any fine imposed by the court, in full, may be considered a breach of this Plea Agreement.  Further, the defendant acknowledges that willful failure to pay the fine may subject the defendant to additional criminal violations and civil penalties pursuant to Title 18, United States Code, Section 3611, et seq.

6.    <u>Alternative Fine</u>.  The defendant understands that under the alternative fine section of Title 18, United States Code, Section 3571, the maximum fine quoted above may be increased if the court finds that any person derived pecuniary gain or suffered pecuniary loss from the offense and that the maximum fine to be imposed, if the court elects to proceed in this fashion, could be twice the amount of the gross gain or twice the amount of the gross loss resulting from the offense.

7.    <u>Inmate Financial Responsibility Program</u>.  If the court orders a fine or restitution as part of the defendant's sentence, and the sentence includes a term of imprisonment, the defendant agrees to

voluntarily enter the United States Bureau of Prisons-administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect up to 50% of the defendant's prison salary and apply those amounts on the defendant's behalf to the payment of the outstanding fine and restitution orders.

8.   Special Assessment.  The defendant understands that the court will impose a special assessment of $200.00 pursuant to the provisions of Title 18, United States Code, Section 3013.  Not later than the date of sentencing, the defendant or defendant's counsel shall mail a check in payment of the special assessment directly to the Clerk, United States District Court, Middle District of Pennsylvania.  If the defendant intentionally fails to make this payment this failure may be treated as a breach of this Plea Agreement and may result in further prosecution, the filing of additional criminal charges, or a contempt citation.

9.   Collection of Financial Obligations.  In order to facilitate the collection of financial obligations to be imposed in connection with this case, defendant consents and agrees to the following:

6

(a)  to fully disclose all assets in which defendant has an interest or over which defendant has control, directly or indirectly; including those held by a spouse, nominee, or other third party.

(b) to submit to interviews by the Government regarding the defendant's financial status;

(c) to submit a complete, accurate and truthful financial statement on the form provided by the Government to the United States Attorney's Office not later than 14 days following entry of the guilty plea;

(d) whether represented by counsel or not, to consent to contact by and communication with the Government, and to waive any prohibition against communication with a represented party by the Government  regarding defendant's financial status;

(e) to authorize the Government to obtain the defendant's credit reports in order to evaluate the defendant's ability to satisfy any financial obligations imposed by the court;

7

(f) to submit any financial information requested by the Probation

Office as directed and to the sharing of financial information

between the Government and the Probation Office.

## C.  Sentencing Guidelines Calculation

10.   Determination of Sentencing Guidelines.   The defendant

and counsel for both parties agree that the United States Sentencing

Commission Guidelines, which took effect on November 1, 1987, and its

amendments, as interpreted by *United States v. Booker*, 543 U.S. 220

(2005), will apply to the offense or offenses to which the defendant is

pleading guilty.  The defendant further agrees that any legal and

factual issues relating to the application of the Federal Sentencing

Guidelines to the defendant's conduct, including facts to support any

specific offense characteristic or other enhancement or adjustment and

the appropriate sentence within the statutory maximums provided for

by law, will be determined by the court after briefing, a pre-sentence

hearing, and/or a sentencing hearing.

11.   Acceptance of Responsibility– Two Levels.  If the defendant

can adequately demonstrate recognition and affirmative acceptance of

responsibility to the Government as required by the Sentencing

Guidelines, the Government will recommend that the defendant receive

a two-level reduction in the defendant's offense level for acceptance of

responsibility. The third level, if applicable, shall be within the

discretion of the Government under U.S.S.G. § 3E1.1. The failure of the

court to find that the defendant is entitled to a reduction shall not be a

basis to void this Plea Agreement.

### D. Sentencing Recommendation

12.    <u>Appropriate Sentence Recommendation</u>.  At the time of

sentencing, the United States may make a recommendation that it

considers appropriate based upon the nature and circumstances of the

case and the defendant's participation in the offense, and specifically

reserves the right to recommend a sentence up to and including the

maximum sentence of imprisonment and fine allowable, together with

the cost of prosecution.

13.    <u>Conditional Plea</u>.  Pursuant to Rule 11(a)(2) of the Federal

Rules of Criminal Procedure, with the approval of the court and the

consent of the Government, the defendant enters a conditional plea of

materially altered if the victim heard other testimony at that proceeding;

(d)     The right to be reasonably heard at any public hearing in the district court involving release, plea, sentencing, or any parole proceeding.  The defendant understands that the victim's comments and recommendations at any of these proceedings may be different than those of the parties to this Agreement;

(e)     The reasonable right to confer with the attorney for the Government in the case.  The defendant understands that the victim's opinions and recommendations given to the attorney for the Government may be different than those presented by the United States as a consequence of this Agreement;

(f)     The right to full and timely restitution as provided for by law.  The attorney for the Government is required to "fully advocate the rights of victims on the issue of restitution unless such advocacy would unduly prolong or complicate the sentencing proceeding," and the court is authorized to order restitution by the

11

guilty to the charge(s) described above while reserving the right on

appeal to review the adverse determination of the defendant's motion to

suppress evidence. The parties acknowledge that the defendant shall

be allowed to withdraw any plea of guilty entered pursuant to this

Agreement if the defendant prevails on appeal.

## G.  Victims' Rights and Restitution

14.   <u>Victims' Rights</u>. The defendant understands that pursuant

to the Victim and Witness Protection Act, the Crime Victims' Rights

Act, the Justice for All Act, and the regulations promulgated under

those Acts by the Attorney General of the United States, crime victims

have the following rights:

(a)   The right to be reasonably protected from the accused;

(b)   The right to reasonable, accurate, and timely notice of any

public court proceeding or any parole proceeding involving the

crime, or of any release or escape of the accused;

(c)   The right not to be excluded from any such public court

proceeding, unless the court, after receiving clear and convincing

evidence, determines that testimony by the victim would be

10

defendant including, but not limited to, restitution for property loss, economic loss, personal injury, or death;

(g)    The right to proceedings free from unreasonable delay; and

(h)    The right to be treated with fairness and with respect for the victim's dignity and privacy.

## H.  Information Provided to Court and Probation Office

15.    <u>Background Information for Probation Office</u>.  The defendant also understands that the United States will provide to the United States Probation Office all information in its possession which the United States deems relevant regarding the defendant's background, character, and involvement in this or other offenses.

16.    <u>Objections to Pre-Sentence Report</u>.  The defendant understands that pursuant to the United States District Court for the Middle District of Pennsylvania "Policy for Guideline Sentencing" both the United States and defendant must communicate to the Probation Officer within fourteen (14) days after disclosure of the pre-sentence report any objections they may have as to material information, sentencing classifications, sentencing guideline ranges and policy

statements contained in or omitted from the report. The defendant

agrees to meet with the United States at least five (5) days prior to

sentencing in a good faith attempt to resolve any substantive

differences. If any issues remain unresolved, they shall be

communicated to the Probation Officer for inclusion in an addendum to

the pre-sentence report. The defendant agrees that unresolved

substantive objections will be decided by the court after briefing, or a

pre-sentence hearing, or at the sentencing hearing where the standard

or proof will be a preponderance of the evidence, and the Federal Rules

of Evidence, other than with respect to privileges, shall not apply under

Fed. R. Evid. 1101(d)(3), and the court may consider any reliable

evidence, including hearsay. Objections by the defendant to the pre-

sentence report or the court's rulings, will not be grounds for

withdrawal of a plea of guilty.

17.   Relevant Sentencing Information. At the sentencing, the

United States will be permitted to bring to the court's attention, and the

court will be permitted to consider, all relevant information with

respect to the defendant's background, character and conduct including

13

the conduct that is the subject of the charges which the United States has agreed to dismiss. The United States will be entitled to bring to the court's attention and the court will be entitled to consider any failure by the defendant to fulfill any obligation under this Agreement.

18. <u>Non-Limitation on Government's Response</u>. Nothing in this Agreement shall restrict or limit the nature or content of the United States' motions or responses to any motions filed on behalf of the defendant. Nor does this Agreement in any way restrict the government in responding to any request by the court for briefing, argument or presentation of evidence regarding the application of Sentencing Guidelines to the defendant's conduct, including but not limited to, requests for information concerning possible sentencing departures.

## I. Court Not Bound by Plea Agreement

19. <u>Court Not Bound by Terms</u>. The defendant understands that the court is not a party to and is not bound by this Agreement or any recommendations made by the parties. Thus, the court is free to

14

impose upon the defendant any sentence up to and including the maximum sentence of imprisonment for 23 years, a fine of $1,250,000.00, a term of supervised release of at least 3 years, which shall be served at the conclusion of and in addition to any term of imprisonment, the costs of prosecution, denial of certain federal benefits and assessments totaling $200.00.

20.   <u>No Withdrawal of Plea Based on Sentence or Recommendations</u>.  If the court imposes a sentence with which the defendant is dissatisfied, the defendant will not be permitted to withdraw any guilty plea for that reason alone, nor will the defendant be permitted to withdraw any pleas should the court decline to follow any recommendations by any of the parties to this Agreement

## J.   **Breach of Plea Agreement by Defendant**

21.   <u>Breach of Agreement</u>.  In the event the United States believes the defendant has failed to fulfill any obligations under this Agreement, then the United States shall, in its discretion, have the option of petitioning the court to be relieved of its obligations.  Whether

15

or not the defendant has completely fulfilled all of the obligations under this Agreement shall be determined by the court in an appropriate proceeding at which any disclosures and documents provided by the defendant shall be admissible and at which the United States shall be required to establish any breach by a preponderance of the evidence. In order to establish any breach by the defendant, the United States is entitled to rely on statements and evidence given by the defendant during the cooperation phase of this Agreement.

22.    <u>Remedies for Breach</u>. The defendant and the United States agree that in the event the court concludes that the defendant has breached the Agreement:

(a) The defendant will not be permitted to withdraw any guilty plea tendered under this Agreement and agrees not to petition for withdrawal of any guilty plea;

(b)    The United States will be free to make any recommendations to the court regarding sentencing in this case;

(c)    The United States will be free to bring any other charges it has against the defendant, including any charges originally brought

16

against the defendant or which may have been under investigation at the time of the plea. The defendant waives and hereby agrees not to raise any defense to the reinstatement of these charges based upon collateral estoppel, Double Jeopardy or other similar grounds.

    23.  <u>Violation of Law While Plea or Sentence Pending</u>. The defendant understands that it is a condition of this Plea Agreement that the defendant refrain from any further violations of state, local or federal law while awaiting plea and sentencing under this Agreement. The defendant acknowledges and agrees that if the government receives information that the defendant has committed new crimes while awaiting plea and/or sentencing in this case, the government may petition the court and, if the court finds by a preponderance of the evidence that the defendant has committed any other criminal offense while awaiting plea or sentencing, the Government shall be free at its sole election to either: (a) withdraw from this Agreement; or (b) make any sentencing recommendations to the court that it deems appropriate. The defendant further understands and agrees that, if the court finds that the defendant has committed any other offense while awaiting plea

or sentencing, the defendant will not be permitted to withdraw any guilty pleas tendered pursuant to this Plea Agreement, and the government will be permitted to bring any additional charges which it may have against the defendant.

## K.    Other Provisions

24.    Agreement Not Binding on Other Agencies.  Nothing in this Agreement shall bind any other United States Attorney's Office, state prosecutor's office or federal, state or local law enforcement agency.

25.    No Civil Claims or Suits.  The defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to the defendant, arising out of the investigation, prosecution or cooperation covered by this Agreement, including but not limited to any claims for attorneys' fees and other litigation expenses arising out of the investigation and prosecution of this matter.  By the defendant's guilty plea in this matter the defendant further acknowledges that the Government's position in this litigation was taken in good faith, had a substantial basis in law and fact and was not vexatious.

18

26.  <u>Plea Agreement Serves Ends of Justice</u>.  The United States is entering into this Plea Agreement with the defendant because this disposition of the matter fairly and adequately addresses the gravity of the series of offenses from which the charges are drawn, as well as the defendant's role in such offenses, thereby serving the ends of justice.

27.  <u>Merger of All Prior Negotiations</u>.  This document states the complete and only Plea Agreement between the United States Attorney for the Middle District of Pennsylvania and the defendant in this case, and is binding only on the parties to this Agreement and supersedes all prior understandings or plea offers, whether written or oral.  This agreement cannot be modified other than in writing that is signed by all parties or on the record in court.  No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.  Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the defendant certifies that the defendant's plea is knowing and voluntary, and is not the result of force or threats or promises apart from those promises set forth in this written Plea Agreement.

28. <u>Deadline for Acceptance of Plea Agreement</u>.  The original of this Agreement must be signed by the defendant and defense counsel and received by the United States Attorney's Office on or before 5:00 p.m., October 8, 2015, otherwise the offer may, in the sole discretion of the Government, be deemed withdrawn.

29. <u>Required Signatures</u>.  None of the terms of this Agreement shall be binding on the Office of the United States Attorney for the Middle District of Pennsylvania until signed by the defendant and defense counsel and then signed by the United States Attorney or his designee.

20

## ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it with my attorney.  I fully understand it and I voluntarily agree to it.

10/1/15
Date

TERRENCE BYRD
Defendant

I am the defendant's counsel.  I have carefully reviewed every part of this agreement with the defendant.  To my knowledge my client's decision to enter into this agreement is an informed and voluntary one.

10/1/15
Date

THOMAS THORNTON
Counsel for Defendant

PETER J. SMITH
UNITED STATES ATTORNEY

10-1-15
Date

By:

WILLIAM A. BEHE
ASSISTANT U.S. ATTORNEY

(WAB/CAZ: 2014R00549; Oct.1, 2015)

21